```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                    :
JOHN LEOPOLDO FIORILLA,                             :
                                                    :
                                       Plaintiffs,  :        1:22-cv-6189-GHW
                                                    :
                       -v -                         :        ORDER
                                                    :
CITIGROUP INC., et al.                              :
                                                    :
                                      Defendants.   :
                                                    :
------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/2022

GREGORY H. WOODS, United States District Judge:

On October 4, 2022, this Court received a notice of voluntary dismissal of this action, under Federal Rule of Civil Procedure 41(a)(1)(A)(i), signed by Plaintiff's then-counsel Paul Batista. Dkt. No. 53. That notice of dismissal—filed by Mr. Batista, who had apparent authority to act on Plaintiff's behalf—was effective the moment it was filed with the Clerk of Court, divesting the Court of jurisdiction over this matter. *See, e.g.*, *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 814 (2d Cir. 2022) (Menashi, J., concurring) ("When a plaintiff files a notice of dismissal under Rule 41(a)(1)(A)(i), 'the notice is effective the moment it is filed with the clerk.'" (quoting 9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2363 (4th ed. 2021))); *see also Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) ("[V]oluntary dismissal prior to defendant's service of an answer or a motion for summary judgment is effective in the absence of any action by the court.").

Because it appears that both Plaintiff and Mr. Batista understand Mr. Batista's representation of Plaintiff to have ended, the Court treats Plaintiff as a *pro se* party. And "[i]t is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal citation omitted) (emphasis removed). Here, Mr. Fiorilla has filed a letter with the Court outlining why, in his view, his action should be permitted to proceed. Dkt. No. 57. While that letter

does not invoke any specific federal rule through which his action could be revived, given the liberality with which the Court treats *pro se* submissions, the Court infers that Mr. Fiorilla is requesting relief from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b).

In the absence of binding precedent, the Court assumes without deciding that it has the power to revive Mr. Fiorilla's case under Rule 60(b) after a Rule 41(a)(1)(A)(i) voluntary dismissal without prejudice. *See, e.g.*, *Yesh Music v. Lakewood Church*, 727 F.3d 356, 361 (5th Cir. 2013) (finding that a voluntary dismissal without prejudice is a "final proceeding" that a court may grant relief from under Rule 60(b)); *accord Williams v. Frey*, 551 F.2d 932, 934–35 (3d Cir. 1977); *Nelson v. Napolitano*, 657 F.3d 586, 588–89 (7th Cir. 2011).

Under Rule 60, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for five specified reasons, and also for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). None of the specified reasons in the first five of Rule 60(b)'s subsections apply to Mr. Fiorilla. *Id.* Accordingly, Mr. Fiorilla can only be granted relief from judgment under Rule 60(b)'s catchall provision, Rule 60(b)(6). But that provision applies only where "extraordinary circumstances" justify the reopening of a proceeding. *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022). And "[e]ven then," the decision whether to grant the requested relief is "a matter for the district court's sound discretion." *Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996); *see Matarese v. LeFevre*, 801 F.2d 98, 106–07 (2d Cir. 1986) (reviewing Rule 60(b)(6) decisions for abuse of discretion only).

There are no extraordinary circumstances here that warrant the reopening of the proceeding. The stipulation of dismissal expressly references the fact that Mr. Batista was retracting the complaint under the safe harbor provision of Federal Rule of Civil Procedure 11. That provision allows a lawyer who has signed a submission to the Court to avoid the imposition of sanctions "if

the challenged paper . . . is withdrawn." Fed. R. Civ. P. 11(c)(2). Mr. Batista signed the complaint in this case, which was the subject of the prospective Rule 11 sanction motion. Dkt. No. 1. In order to take advantage of the safe harbor, it appears that Mr. Batista reasonably concluded that he needed to withdraw the challenged paper—the complaint. Filing a stipulation of dismissal was a reasonable procedural method to do so. If the Court were to restore the case with the complaint signed by Mr. Batista as the operative pleading, Mr. Batista would remain subject to potential sanction, as the signatory to the complaint.

Counsel's decision to take advantage of the safe harbor provision of Rule 11 does not make this an extraordinary circumstance warranting reopening of the case. To the contrary, it would be extraordinary, and arguably inconsistent with the safe harbor provision of Rule 11, to force Mr. Batista to remain on the hook for any sanctionable content in the operative complaint, which would be the effect of restoring this action with the complaint signed by him as the operative pleading. Mr. Fiorilla can decide whether to pursue his claims in the future in a separate action, but he cannot force his counsel to face liability for Rule 11 sanctions. Because the complaint has not been dismissed with prejudice, Mr. Fiorilla is not precluded from filing an additional action merely as a result of the fact of the dismissal. However, either Mr. Fiorilla, acting *pro se*, or new counsel will need to sign any new operative pleading subject to the strictures of Rule 11—and the prospect of associated sanctions—rather than forcing Mr. Batista to remain on the hook for such potential liability. Because Mr. Batista dismissed the action to take advantage of the safe harbor provision of Rule 11, there are no extraordinary reasons here for the revival of this action.

Here, even setting aside whether Mr. Fiorilla has demonstrated the extraordinary circumstances needed to invoke Rule 60(b)(6), in its discretion, the Court finds that relief is not warranted. First, dismissal does not severely prejudice Plaintiff. Because Plaintiff's case was dismissed without prejudice, he may refile it if he so chooses. Defendants have made substantial

arguments that Plaintiff's claims are were time barred by relevant statutes of limitations even with the earlier filing date of this action.  *See* Dkt. No. 32 at 3–4 & n.2; *Tolchin v. Cty. of Nassau*, 322 F. Supp. 3d 307, 313 (E.D.N.Y. 2018) (noting that where a claim's dismissal would result in it being time-barred if refiled, that fact may weigh against dismissal).  Given the age of the claims, the dismissal does not appear to affect materially the position of Plaintiff with respect to the question of whether these claims are time barred.  Second, given that Mr. Batista, who is the author of a treatise on the RICO statute, determined that he should withdraw the pleading, the Court does not assume that new counsel will promptly join this case, and Mr. Fiorilla's submission does not intimate that he expects to carry on this litigation in New York without the benefit of counsel.  As a result, the Court believes that it would be most appropriate to give Mr. Fiorilla sufficient time to locate potential successor counsel, without the overhang of the kind of deadlines that the Court would establish for him to do so were the Court to reopen the case.

The Court, construing Plaintiff's letter as a request for relief from a final proceeding under Federal Rule 60(b)(6), denies that request.  Accordingly, this case remains dismissed without prejudice and closed on the docket of this Court.

SO ORDERED.

Dated:  October 19, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge